**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000185
01-MAR-2024
08:04 AM
Dkt. 59 SO**

NO. CAAP-23-0000185

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
RANDALL HOFFMAN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-21-0000264)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Randall **Hoffman** was indicted for assault against a law law enforcement officer, resisting arrest, and criminal littering. The **State** of Hawaiʻi moved to determine the voluntariness of Hoffman's statements. The Circuit Court of the Fifth Circuit denied the motion.[1] The State appeals. We affirm in part, vacate in part, and remand.

On November 13, 2021, State law enforcement officer Warren **Tavares** saw Hoffman throwing green waste from a large trailer onto the ground near Salt Pond Beach Park. Officer Tavares did not read Hoffman his <u>Miranda</u> rights before arresting him. <u>Miranda</u> rights are triggered when: (1) the suspect is in custody; and (2) the suspect is subject to interrogation. <u>State v. James</u>, ___ Hawaiʻi ___, ___, 541 P.3d 1266, 1274 (2024)

---

[1] The Honorable Kathleen N.A. Watanabe presided.

(citing State v. Ah Loo, 94 Hawai'i 207, 210, 10 P.3d 728, 731 (2000)).  Officer Tavares had probable cause to arrest Hoffman for criminal littering, and Hoffman was not free to leave once Officer Tavares approached him.  The issue is whether Hoffman was subject to interrogation.

"Interrogation" can be "not only express questioning, but also any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect . . . without regard to objective evidence of the intent of the police." State v. Trinque, 140 Hawai'i 269, 277, 400 P.3d 470, 478 (2017) (cleaned up) (underscoring omitted).  Whether a defendant was subject to interrogation presents a question of law.  We review the circuit court's conclusions of law under the right/wrong standard. Id. at 276, 400 P.3d at 477.

The State does not challenge the circuit court's findings of fact.  Those findings, supplemented by Officer Tavares's testimony, show that Officer Tavares: approached Hoffman and pointed to a sign prohibiting dumping in the area; told Hoffman he was on State land; and told Hoffman to stop throwing green waste from the trailer because it was illegal.

Hoffman was upset and yelled, "Fuck you, I don't give a shit."  He continued to dump green waste.

Officer Tavares told him to stop.

Hoffman said, "Fuck you."

Up to this point, Officer Tavares's actions and statements were normally attendant to arrest and custody. Officer Tavares *had* to inform Hoffman why he could be arrested. Hawaii Revised Statutes (**HRS**) § 803-6(a) (2014).  Hoffman's responses were voluntary utterances, not in response to interrogation.  The circuit court erred by denying the State's motion about them. See State v. Paahana, 66 Haw. 499, 503, 666 P.2d 592, 596 (1983) (holding that police officer who saw marijuana plants at defendant's home asking if defendant was

aware that growing marijuana was illegal was "not the kind of coercive conduct which would undermine defendant's privilege against self-incrimination").

Officer Tavares told Hoffman he would be arrested if he continued to dump green waste. That statement was also normally attendant to arrest and custody. HRS § 803-6(a). Hoffman's response, a third "Fuck you," was a voluntary utterance. The circuit court erred by denying the State's motion about it.

Officer Tavares told Hoffman that the State spent $100,000 to clean up the area, which was a high-crime area with many abandoned cars and drug activity.

Hoffman said he had been turned away from the Hanapēpē refuse station, apparently because his trailer was too big.

Officer Tavares's statements about the State's clean-up efforts went beyond those normally attendant to arrest and custody. Although not a question, it was reasonably likely to elicit an incriminating response from Hoffman. And it did. Cf. State v. Hewitt, 153 Hawaiʻi 33, 38, 526 P.3d 558, 563 (2023) (police officer asking hospitalized defendant if she'd been in a traffic accident was interrogation); State v. Kazanas, 138 Hawaiʻi 23, 26, 375 P.3d 1261, 1264 (2016) (police officer transporting defendant in custody who asked how his Halloween went "knew how [defendant]'s Halloween went" so "her question was reasonably likely to elicit from [defendant] details about the alleged crime."). The circuit court did not err by denying the State's motion to determine voluntariness of Hoffman's statement about being turned away from the Hanapēpē refuse station.

Officer Tavares placed Hoffman's hands behind his back, handcuffed him, escorted him off the trailer, and went to his vehicle to get a citation book. Hoffman moved his hands to the front, climbed back on the trailer, and continued to throw green waste to the ground. Officer Tavares went back to the trailer and took Hoffman down to arrest him. Hoffman fell while on the ground. Officer Tavares was on top of him. Hoffman squeezed and twisted his legs around Officer Tavares. Officer Tavares felt

pain and told Hoffman, "Stop resisting." He punched Hoffman "in the facial area." Hoffman did not respond. Officer Tavares punched Hoffman again in the facial area.

Hoffman said, "Okay, I'm done."

We conclude that Officer Tavares's acts and statement to "stop resisting" were normally attendant to arrest and custody under the facts of this case. Hoffman's response, "Okay, I'm done," was not a response to interrogation. The circuit court erred by denying the State's motion about it.

For these reasons, the circuit court's "Findings of Fact, Conclusions of Law, and Order Denying State of Hawaii's Motion to Determine Voluntariness of Defendant's Statements to Police" entered on April 11, 2013, is affirmed in part as to Hoffman's statement about being turned away from the Hanapēpē refuse station; and vacated in part as to Hoffman's other statements. This case is remanded to the circuit court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, March 1, 2024.

On the briefs:

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kauaʻi,
for Plaintiff-Appellant.

Taryn R. Tomasa,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge